Filed 1/26/16  P. v Ortiz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068217 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF22119) |
| DIEGO ORTIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Raymond A. Cota, Judge.  Reversed and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

In July 2008, pursuant to a plea agreement, Diego Ortiz entered a guilty plea to one count of commercial burglary (Pen. Code,[1] § 459). As part of the agreement the prosecution dismissed several other charges, two strike priors (§ 667, subds. (b)-(i)) and dismissed a petty theft case.

Pursuant to the plea agreement, Ortiz was sentenced to the middle term of two years in prison, which term has now been served.

In April 2015, Ortiz filed a petition under section 1170.18 (Proposition 47, the Safe Neighborhoods and Schools Act of 2014) to reduce his burglary conviction to the misdemeanor of shoplifting under newly enacted section 459.5.

Following an evidentiary hearing the trial court denied the petition, principally because it concluded the theft of surveillance cameras from the laundromat in this case did not involve the theft of the type of property contemplated by section 459.5.

Ortiz appeals contending the court erred in its interpretation of sections 459.5 and 1170.18, in that the property taken was not valued at more than $800 under any version of the evidence, and that the cameras were "property" as contemplated by Proposition 47.

The People argue the petitioner did not meet his burden of proof as to the value of the items taken and that if this court finds otherwise we should direct the court to permit the prosecution to set aside the plea agreement.

Based on the record before us we will find that Ortiz met his burden to show the value of the lost property was less than $950, and that section 459.5 is not limited to the

---

1     All further statutory references are to the Penal Code unless otherwise specified.

taking of merchandise otherwise offered for sale. Therefore we will find the trial court erred in denying the motion to reclassify the conviction.

With regard to the request to set aside the plea agreement, we note the issue was not raised in the trial court, thus we take no position on whether the prosecution can claim such remedy. We leave that discussion to the trial court should the prosecution seek to raise the issue on remand.

STATEMENT OF FACTS

In July 2008, Ortiz entered Coin-O-Matic laundromat and took eight surveillance cameras, which were mounted on the walls. In 2008 the laundromat was open 24 hours per day.

The victim reported to police at the time of the theft that the cameras were worth $100 each for a total of $800. At the evidentiary hearing the victim was less certain of value and concluded the eight cameras were worth approximately $500, or possibly as much as $800.

DISCUSSION

Proposition 47, enacted by the voters November 4, 2014, became effective the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) The proposition reduced the penalties for a number of crimes, including second degree burglary where the person enters a commercial establishment with the intent to steal. Such offense is now shoplifting, under section 459.5, if the value of the items taken or intended to be taken is $950 or less. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)

3

Section 459.5 provides in part:

> "(a)  Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary.  Shoplifting shall be punished as a misdemeanor . . . ."

The trial court at first appeared to believe the business in this case was not a commercial establishment within the meaning of the statute.  However, the court decided to liberally construe the term and proceeded to consider the value of the property and whether the property taken here came within the meaning of section 459.5.  At the conclusion of the hearing the court appeared to accept the unchallenged evidence that the cameras themselves were not worth more than $800.  The court's focus shifted to its concern that the type of theft in this case, taking equipment from the walls, was outside the definition of "shoplifting."

The court said, in part:

> "But he's not going into a store -- I grant you during regular business hours -- but this is not merchandise that's for sale.  This is not a retail sales establishment that merchandise is on sale and that he took for his own, you know, without permission.  [¶] He took surveillance cameras.  And I -- presumably, are not for sale and that he essentially took property more in the nature of a burglary or at least in terms of what one known would have thought of it in layperson's terms.  So I don't think this statute applies to that.  [¶] And if you look at your reasoning, it seems, I think, to set out the kinds of factors that normally one would see in the taking of property from a store who sells merchandise and property, then, that is stolen and lifted from the store.  [¶] . . . [¶]  I just cannot believe that the state legislature had an intent that a person who could do what Mr. Ortiz pled guilty to doing and that there would no restitution, no responsib[ility]  for damages for loss, and treat this as a mere

4

misdemeanor and that they would not be held criminally responsible for. But maybe I'm wrong. But that's my thinking on the subject."

Thus, from the record it is clear that the basis of the trial court's denial of the petition was that the court concluded taking cameras off the wall of a commercial establishment during normal business hours could not be shoplifting as the items were not for sale in that establishment.

The People argue that Ortiz failed to meet his burden of proof that the value of the goods did not exceed $950. This argument is premised on the uncertainty of the victim as to value. We will not pause long with this argument. The prosecution did not challenge the sufficiency of the victim's testimony, nor did the trial court find it wanting. Although the victim's memory in 2015 was not good, the investigating police officer testified as to his interview with the victim in 2008. At that time the victim placed the value of the cameras alone at $100 each. There was no contrary evidence and it appears the trial court accepted the estimate of value since the court denied the petition on different grounds.

The People do not contend that the property taken in this case is not the type of property contemplated by section 459.5. The section does not limit its scope to retail businesses nor to goods that are offered for sale. Rather the section applies to the taking of "property." Certainly the cameras here qualify as property within the meaning of the statute notwithstanding they were not merchandise available for retail sale.

Since the People do not challenge the implied finding the business here was a commercial establishment, open during its normal business hours, we find it unnecessary

5

to further discuss the sufficiency of the petition to demonstrate that Ortiz is qualified for the requested relief.

Finally, the People argue that if we find the evidence sufficient to support the petition we should direct the trial court to set aside the plea agreement. Again we will not pause long. The prosecution did not request the plea agreement to be set aside. We do not have the benefit of a hearing or the trial court's findings should such motion be made. Since we will remand the case to the trial court with directions to grant the petition, the prosecution can make any request at that time it deems appropriate. We express no opinion on the outcome of such hypothetical motion.

DISPOSITION

The order denying the petition for relief under section 1170.18 is reversed. The matter is remanded to the trial court with directions to grant the petition.

HUFFMAN, Acting P. J.

WE CONCUR:

McINTYRE, J.

IRION, J.

6